UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM NIBLE, | ) Case No.: 1:13cv01127 DLB (PC) |
| Plaintiff, | ) ORDER REGARDING PLAINTIFF'S |
| v. | ) MOTION FOR PRELIMINARY INJUNCTION |
| CDCR, et al., | ) |
| Defendants. | ) (Document 7) |
| | ) |

Plaintiff William Nible ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his complaint on July 22, 2013. The complaint is awaiting screening.[1]

On September 12, 2013, Plaintiff filed a Motion for a Preliminary Injunction. He requests that he be transferred back to his prior place of incarceration.

A.  **LEGAL STANDARD**

A preliminary injunction is an extraordinary remedy never awarded as of right. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation and quotation marks omitted). For each form of relief sought in federal court, Plaintiff must establish

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on August 5, 2013.

1

standing.  Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted). This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.  Summers, 129 S.Ct. at 1149 (quotation marks and citation omitted); Mayfield, 599 F.3d at 969.

  Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

  2.  <u>Analysis</u>

  Plaintiff's motion must be denied for two reasons.  First, Plaintiff's complaint has not yet been screened and the Court cannot discern whether there is a case or controversy before it.

  Second, and perhaps more importantly, Plaintiff's requested relief is beyond the scope of the allegations in his complaint.  Plaintiff's complaint alleges religious discrimination suffered while he was housed at Sierra Conversation Center.  His motion for injunctive relief, however, alleges that he was the victim of a retaliatory transfer and requests that he be transferred back to Sierra Conservation Center.  Therefore, even if Plaintiff's complaint states a claim for religious discrimination, he would not be entitled to the relief he seeks in this motion.  The requested relief will not be sufficiently related

to Plaintiff's underlying legal claim to satisfy the jurisdictional requirement that applies to federal courts.

Accordingly, Plaintiff's Motion for a Preliminary Injunction is HEREBY DENIED.

IT IS SO ORDERED.

Dated: __September 19, 2013__          /s/ *Dennis L. Beck*
                                       UNITED STATES MAGISTRATE JUDGE