# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM NIBLE,<br><br>  Plaintiff,<br><br>   v.<br><br>CDCR, et al.,<br><br>  Defendants. | Case No. 1:13-cv-01127 DLB PC<br><br>ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND |

Plaintiff William Nible ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff filed this action on July 22, 2013.

On February 4, 2014, the Court screened his complaint and dismissed it with leave to amend. Plaintiff filed a First Amended Complaint ("FAC") on April 7, 2014. He names California Department of Corrections and Rehabilitation ("CDCR") Secretary Jeffrey Beard, Sierra Conservation Center ("SCC") Wardens Heidi Lackner and Frank Chavez, SCC Community Resource Manager Margo Wilkerson, Appeals Coordinator M. Baldwin, Chaplain Littlejohns, Director of Adult Institutions Kathleen Dickinson, Mailroom Supervisor Doe 1 and Prison Guard

1

Hanson as Defendants.[1]

**A.     LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on August 5, 2013.

## B.     SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff is currently incarcerated at the R. J. Donovan Correctional Facility in San Diego, California. The events at issue occurred while Plaintiff was housed at Sierra Conservation Center ("SCC").

In his FAC, Plaintiff has provided general allegations, without as much factual detail as in his original complaint. He alleges that he is an Asatru/Odinic practitioner, and that Defendants have denied him the right to exercise his deeply held religious beliefs since at least 2008.

<u>Defendant Lackner</u>

Citing California Penal Code section 5009, which mandates that prisoners be afforded a reasonable opportunity to exercise religious freedom, Plaintiff contends that Defendant Lackner, the Warden at SCC, denied Plaintiff the ability to practice his faith when she refused to allow certain religious items that are afforded to others similarly situated. Specifically, Defendant Lackner refused to allow chapel time equal to others at SCC, outdoor grounds as provided to others throughout CDCR, items used in his cell, items for group use, bowls, cups, horns and other items approved throughout CDCR.

<u>Defendant Beard</u>

Plaintiff contends that on numerous occasions, notice was given to Defendant Beard through inmate grievances that his subordinates were violating Plaintiff's rights. He alleges that numerous institutions provide Odinic practitioners outdoor grounds, fire pits, horns, and chapel time or a study room.

<u>Defendant Wilkerson</u>

Plaintiff alleges that Defendant Wilkerson, the Community Resource Manager at SCC, allocated state and federal funds "so disproportionally" to other faiths that "it clearly demonstrates a policy that promotes a religion while impeding" others. ECF No. 17, at 11. Plaintiff contends that Defendant Wilkerson also denied him outdoor grounds to practice his faith by forcing him to share grounds with compatible faiths, without penological justification. He explains that in requesting outdoor grounds, he also requested a fire pit and numerous artifacts that are necessary and allowed at other institutions.

Defendant Wilkerson also took artifacts from the locker assigned to Odinic practitioners for "congregate use," including two drinking horns (approximately 18 inches long), and kept them without penological interest. ECF No. 17, at 11. Plaintiff states that these horns play a major part in every meeting held by Asatru/Odinic practitioners. Defendant Wilkerson has also denied almost every request submitted by Odinic practitioners since 2006.

Defendant Baldwin

Plaintiff alleges that Defendant Baldwin, Appeals Coordinator at SCC, violated his First Amendment right to petition the government for redress by failing to process appeals, causing indefinite delays and procedural hurdles for Odinic practitioners. He alleges that without such appeals, prisoners would be forever barred from pursuing civil rights actions because they cannot exhaust their administrative remedies.

Defendant Littlejohns

Plaintiff alleges that SCC Chaplain Defendant Littlejohns refused to provide him with the artifacts necessary to Plaintiff's faith, including chapel time afforded to other faiths at SCC. Plaintiff states that Odinic practitioners are allowed approximately ninety minutes a week, while inmates of Christian faith are given many hours on numerous days. Citing the disproportionate funding, Plaintiff alleges that an official policy establishes and promotes other religions at SCC. Defendant Littlejohns also denied Plaintiff hammers, herbs, oils, and many other artifacts that are necessary to perform certain rites without penological justification. He also failed to provide supplies for study group that he gives to other groups.

Defendant Dickinson

Plaintiff alleges that Defendant Dickinson, the Director of Adult Institutions at CDCR, issued a memorandum to community resource managers entitled, "Inmate Religious Personal Property and Religious Grounds." Plaintiff contends that the memo is discriminating and violates equal protection because it prohibits the establishment of new outdoor worship areas that should have already been established at SCC. Plaintiff alleges that this policy deprives him of his right to freely exercise his faith as it is afforded to other faiths throughout the state.

Defendant Doe 1

Defendant Doe 1 is the mailroom supervisor. Plaintiff alleges that he violated Plaintiff's First Amendment right to send and receive mail when he failed or refused to process Plaintiff's legal mail. Plaintiff and other practitioners had enclosed a notice to Defendant Wilkerson informing her that she was not in compliance with state a federal law. The notice also requested various religious artifacts (outdoor grounds, oils and herbs) necessary to Odinic practitioners.

Defendant Hanson

Plaintiff contends that on June 22, 2013, Defendant Hanson, a correctional officer, interrupted and harassed Plaintiff and other practitioners while they were holding an outdoor ceremony. Defendant Hanson told them that their religious was "a bunch of nonsense" and that he was going to put a stop to their practice by taking the issue to his supervisor. ECF No. 17, at 14.

Defendant Chavez

Plaintiff contends that Defendant Chavez, the warden at SCC, issued a supplement to the Operations Manual in June 2010 that was "so prohibitory that it excluded a great deal of the Odinic practitioners artifacts, outdoor area, medallions, herb bag and vendors.

Based on these allegations, Plaintiff alleges violations of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, RLUIPA, and the California Constitution.

He requests injunctive relief and monetary damages.

**C.    DISCUSSION**

1.    Rule 8

As discussed above, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (internal citation omitted). To comply with Rule 8, a plaintiff should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir.1996). Conclusory allegations are insufficient. See Iqbal, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant unlawfully-harmed-me accusation").

In his amended complaint, Plaintiff provides fewer factual allegations than he did in his original complaint. Instead, he recites conclusory statements without factual context. In the prior screening order, the Court went through Plaintiff's factual allegations and explained why he failed to state a claim for which relief could be granted. In permitting an amendment, the Court indicated that Plaintiff should only amend if he could do so in good faith. Now, however, Plaintiff appears to simply omit the factual allegations that the Court found insufficient in hopes that general allegations will permit his complaint to go forward. This wholly fails to correct the deficiencies and suggests that Plaintiff he did not amend in good faith.

The explanations in the prior screening order as to Plaintiff's First Amendment Free Exercise and Establishment Clause[2] claims, Equal Protection claim, claims under the California Constitution and allegations relating to a violation of his right to file a prison grievance, apply equally to Plaintiff's more generalized allegations and the Court will not repeat them here. To the extent that any analysis has changed, it will be discussed below.

Plaintiff's allegations are insufficient to meet his burden under Rule 8 and he therefore fails to state any claims for which relief may be granted.

2.  Injunctive Relief

The events at issue occurred at SCC. However, Plaintiff is now incarcerated at R.J. Donovan Correctional Facility. His claims for injunctive relief are therefore moot, as Plaintiff alleges that he is no longer housed at SCC. Dilley v. Gunn, 64 F.3d 1365 (9th Cir.1995) (inmate's transfer to a different facility renders request for injunctive relief moot unless he shows his case is "capable of repetition, yet evading review").

Insofar as Plaintiff names CDCR-level officials, the crux of his claim relates to conditions at SCC. For example, Plaintiff alleges that Defendant Beard received notice of violations *at SCC*. Similarly, he alleges that Defendant Dickinson imposed a state-wide policy that impacted the construction of new outdoor worship areas *at SCC*.

Accordingly, Plaintiff cannot seek injunctive relief.

---

[2] Plaintiff adds an allegation that Defendant Wilkerson apportioned funds "so disproportionately" that it "clearly demonstrates" a policy to promote other religions. ECF No. 17, at 11. Plaintiff's conclusion is supported only by his interpretation and is not supported by any facts.

6

### 3. RLUIPA

Plaintiff's transfer also moots his claim for relief under RLUIPA. While Plaintiff seeks damages and injunctive relief, injunctive relief is no longer warranted since Plaintiff has been transferred, as discussed above. Under RLUIPA, however, a plaintiff can no longer obtain monetary damages against individuals. Wood v. Yordy, No. 12–35336, 2014 WL 2462575, at *4 (9th Cir. June 3, 2014).

Therefore, as Plaintiff is not entitled to injunctive relief, the only relief available under RLUIPA, he cannot state a claim. See eg. King v. Bosenko, 2014 WL 3421001, *1 (E.D. Cal. 2014).

### 4. Defendants Beard and Dickinson

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Ashcroft v. Iqbal, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed under a theory of respondeat superior, and there must exist some causal connection between the conduct of each named defendant and the violation at issue. Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Moss v. U.S. Secret Service, 711 F.3d 941, 967-68 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

Here, Plaintiff names Defendants Beard and Dickinson in their supervisory capacities. As to Defendant Beard, Plaintiff alleges that his appeals gave him knowledge of the acts of his subordinates. Simply filing inmate grievances, however, does not demonstrate knowledge on the part of a supervisor.

As to Defendant Dickinson, Plaintiff complains of a neutral state-wide policy and its impact on SCC. However, the act of instituting a policy, without more, does not state a claim.

Plaintiff therefore fails to state a claim against Defendants Beard and Dickinson.

5.     Defendant Hanson

Plaintiff contends that on June 22, 2013, Defendant Hanson violated the First Amendment, the Fourteenth Amendment and state law when he interrupted Plaintiff's outdoor ceremony. Plaintiff contends that he harassed him and other practitioners and suggested that his faith was not legitimate.

A single incident does not constitute a "substantial burden" on the practice of Plaintiff's faith, and he therefore fails to state a claim under the First Amendment or the California Constitution.  See Shakur v. Schriro, 514 F.3d 878, 883–84 (9th Cir. 2008).

Plaintiff's allegations also fail to state a claim under the Equal Protection Clause because there is no indication that this incident denied him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups.  Shakur, 514 F.3d at 891; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

Plaintiff therefore fails to state a claim against Defendant Hanson and it does not appear that this deficiency can be corrected.

6.     First Amendment - Mail

Prisoners have "a First Amendment right to send and receive mail."  Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995).  Censorship of outgoing prisoner mail is justified if the following criteria are met: (1) the regulation furthers "an important or substantial government interest unrelated to the suppression of expression" and (2) "the limitation on First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved." Procunier v. Martinez, 416 U.S. 396, 413 (1974) (overturned by Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989) only as test relates to *incoming mail* - Turner test applies to incoming mail).

Plaintiff contends that Doe 1, the mailroom supervisor, violated Plaintiff's First Amendment right to send and receive mail when he "failed or refused to process Plaintiff's legal mail." Specifically, he contends that Doe 1 refused to mail an "administrative notice" to Defendant Wilkerson setting forth his various issues. ECF No. 17, at 14. However, isolated incidents of mail interference or tampering will not support a claim under section 1983 for violation of Plaintiff's

8

constitutional rights.  See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990).

Plaintiff therefore fails to state a claim against Defendant Doe 1 and it does not appear that this deficiency can be corrected.

**D.     ORDER**

Plaintiff's complaint fails to state a claim under section 1983.

The Court has given Plaintiff an opportunity to file an amended complaint.  However, because Plaintiff has either (1) simply omitted the facts that the Court previously found insufficient in favor of general, vague allegations; or (2) has offered new facts that cannot state a claim, the Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, Plaintiff's FAC fails to state a claim for which relief may be granted and it is DISMISSED WITHOUT LEAVE TO AMEND.

IT IS SO ORDERED.

Dated:   **October 17, 2014**                    /s/ Dennis L. Beck
                                                              UNITED STATES MAGISTRATE JUDGE